IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRWIN DOUGLAS,

        Plaintiff,

vs.

No. CIV S-09-1038 FCD EFB PS

SACRAMENTO COUNTY, et al.,

        Defendants.

ORDER

/

This case is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 12, 2009, the court issued an order continuing the scheduling conference in this action to September 23, 2009, and ordering plaintiff to show cause why sanctions should not be imposed upon him for failure to file a status report, as required by the court's April 17, 2009 order. Dckt. No. 12.

On September 3, 2009, plaintiff filed a response to the order to show cause, as well as a motion for default judgment against the County of Sacramento and an affidavit in support thereof. Dckt. Nos. 13, 14, 15. However, plaintiff still has not filed a status report setting forth the matters referenced in the court's April 17, 2009 order.[1] In his response to the order to show

---

[1] Although plaintiff still has not filed a status report setting forth the matters referenced in the court's April 17, 2009 order, in light of his response to the court's August 12, 2009 order to show cause and plaintiff's apparent misunderstanding regarding the status report requirement,

1

cause, plaintiff states that he has not filed a status report because he and the defendants "never reached any status at all." Dckt No. 15 at 1. Plaintiff further states that he has "never discussed this case, or even tried to discuss this case, or tried to reach any status" with defendants because defendants' answer was late and plaintiff is moving for default judgment. *Id.* at 4-5. However, plaintiff's contention that defendant's answer was late does not excuse plaintiff's obligation to comply with the Federal Rule of Civil Procedure, the local rules of this court, and orders issued by this court.

Federal Rule of Civil Procedure ("Rule") 26(f) requires the parties to "confer as soon as practicable." Fed. R. Civ. P. 26(f)(1). "In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). Additionally, this court's April 17, 2009 order required the parties to "meet and confer in person about the mandatory disclosures required by Fed. R. Civ. P. 26" and file status reports briefly describing the case and addressing various topics. Dckt. No. 4, ¶¶ 4-5. Even though plaintiff contends that the parties have not "reached any status," plaintiff is still obligated to comply with these requirements.[2]

Accordingly, the scheduling conference is continued to October 14, 2009 at 10:00 a.m. in Courtroom No. 25. No later than September 23, 2009, the parties are directed to hold, and

---

that order to show cause is discharged. However, plaintiff is notified that a failure to comply with the instant order "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 11-110; *see also* E.D. Cal. L.R. 83-183; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

[2] Defendants' status report, filed on August 5, 2009, states that they transmitted a draft joint status report to plaintiff, but could not gain his cooperation in submitting the status report. Dckt. No. 11, fn. 1. Additionally, defendants' reply to plaintiff's response to the order to show cause, filed on September 9, 2009, details defendants' efforts to obtain plaintiff's cooperation in holding a Rule 26(f) conference and in preparing a joint status report, and plaintiff's refusal to participate therein. Dckt. No. 16.

plaintiff is directed to participate in, a Federal Rule of Civil Procedure 26(f) conference, as required by that Rule.  No later than September 30, 2009, the parties are directed to file, and plaintiff is directed to participate in the preparation of, a joint status report (or, if unable to prepare a joint status report, separate status reports) indicating when the Rule 26(f) conference was held, and setting forth the matters referenced in the court's April 17, 2009 order.

Additionally, because plaintiff's motion for default judgment, Dckt. No. 13, was not noticed for hearing on this court's law and motion calendar, as required by Local Rule 78-230(b), it is denied without prejudice.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. The Status Conference currently set for September 23, 2009 is continued to October 14, 2009, at 10:00 a.m., in Courtroom No. 25.

2. No later than September 23, 2009, the parties are directed to hold, and plaintiff is directed to participate in, a Federal Rule of Civil Procedure 26(f) conference, as required by that Rule.

3. No later than September 30, 2009, the parties are directed to file, and plaintiff is directed to participate in the preparation of, a joint status report (or, if unable to prepare a joint status report, separate status reports) indicating when the Rule 26(f) conference was held, and setting forth the matters referenced in the court's April 17, 2009 order.

---

[3] Although plaintiff's motion for default judgment is denied without prejudice due to plaintiff's failure to properly notice the motion, the court notes that the motion also appears to lack merit. The Clerk has not entered default against the County of Sacramento. *See Schoenlein v. Frank*, 2009 WL 650273, at *1 (D. Haw. Mar. 10, 2009) ("Default judgment can only be entered against a defendant against whom default has been entered." (quotations omitted)); *Brooks v. United States*, 29 F. Supp.2d 613, 618 (N.D. Cal. 1998) ("As default has not been entered against defendant Babbitt, the entry of default judgment would be inappropriate. The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court."). Although plaintiff requested entry of default from the Clerk on June 9, 2009, that entry of default was denied on June 11, 2009, because plaintiff had not yet properly served the County of Sacramento in accordance with the requirements of Rule 4(j). After denial of entry of default, plaintiff personally served the County of Sacramento on June 26, 2009, and the County of Sacramento filed an answer on July 10, 2009, which was within twenty days of receipt of service of the summons and complaint, as required by Rule 12.

1    4.  The Clerk of Court is directed to send plaintiff a copy of this court's April 17, 2009
2 order, Dckt. No. 4.
3    5.  Plaintiff's motion for default judgment, Dckt. No. 13, is denied without prejudice.
4 SO ORDERED.
5 DATED: September 11, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4