IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRWIN DOUGLAS,

        Plaintiff,

    vs.

SACRAMENTO COUNTY, et al.,

        Defendants.
                             /

No. CIV S-09-1038 FCD EFB PS

ORDER TO SHOW CAUSE

This action was referred to the undersigned under Eastern District of California Local Rule ("Local Rule") 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On October 14, 2009, the case was before the undersigned for a status (pretrial scheduling) conference. Attorney Jennifer Plescia appeared on behalf of defendants; plaintiff failed to appear.

Plaintiff filed the complaint in this action on April 17, 2009. Dckt. No. 1. On that same date, the court issued an initial scheduling order, setting a status (pretrial scheduling) conference for August 19, 2009, and ordering the parties to file status reports by August 5, 2009. Dckt. No. 4. On August 5, 2009, defendants filed a status report, indicating that they transmitted a draft joint status report to plaintiff, but could not gain his cooperation. Dckt. No. 11, n.1. Therefore, on August 12, 2009, the court issued an order continuing the status conference to September 23, 2009, and ordering plaintiff to show cause why sanctions should not be imposed upon him for failure to file a status report, as required by the April 17, 2009 order. Dckt. No. 12.

1

On September 3, 2009, plaintiff filed a response to the order to show cause, but still failed to file a status report setting forth the matters referenced in the court's April 17, 2009 order.[1]  Dckt. No. 15.  On September 9, 2009, defendants filed a reply to plaintiff's response to the order to show cause, detailing defendants' efforts to obtain plaintiff's cooperation in holding a Rule 26(f) conference and in preparing a joint status report, and plaintiff's refusal to participate therein.  Dckt. No. 16.  Therefore, on September 11, 2009, the court issued an order continuing the status conference to October 14, 2009, and directing the parties to file a joint status report on or before September 30, 2009.  Dckt. No. 18.

On September 29, 2009, the parties filed a joint status report, as ordered.  Dckt. No. 19.  The joint status report states that "[p]laintiff has informed defense counsel that he intends to withdraw [his] complaint from California and refile or transfer to [the United States District Court for the] Southern District of Florida, in Fort Pierce Florida, St Lucie County, home State/County of plaintiff."  Dckt. No. 19 at 2.

However, because plaintiff has not filed a stipulation of voluntary dismissal or a request for dismissal by the court, pursuant to Federal Rule of Civil Procedure 41, and did not request to continue the scheduling conference or appear at the scheduling conference telephonically, the court conducted the October 14, 2009 scheduling conference.  Dckt. No. 20.  Plaintiff failed to appear, in violation of Local Rule 16-240(a) which provides that "[a]ll parties receiving notice of any status conference shall appear in person or by attorney . . . ."

Failure to comply with orders of this court or with the court's Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 11-110.  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

---

[1] Plaintiff also filed a motion for default judgment against the County of Sacramento and an affidavit in support thereof, Dckt. Nos. 13, 14, which the court denied on September 11, 2009.  Dckt. No. 18.

1  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally
2  construed.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Local Rule 83-183, governing
3  persons appearing *in pro se*, provides that failure to comply with the Federal Rules and Local
4  Rules may be ground for dismissal, judgment by default, or other appropriate sanction.[2]
5  Therefore, plaintiff will be ordered to show cause why sanctions should not be imposed on him,
6  including dismissal of this action, for failing to appear at the October 14, 2009 scheduling
7  conference in violation of the September 11, 2009 order and Local Rule 16-240(a).

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Plaintiff shall show cause, in writing, on or before November 4, 2009, why sanctions should not be imposed upon him for his failure to appear at the October 14, 2009 status conference;

       2.  A further status conference is set for November 18, 2009, at 10:00 a.m., in Courtroom No. 25;[3] and

       3.  Failure of plaintiff to comply with this order will result in a recommendation that this action be dismissed.

       SO ORDERED.

DATED:  October 19, 2009.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties were also cautioned in the April 17, 2009 order, that "[f]ailing to obey federal or local rules, or order of this court, may result in dismissal of this action. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules."  Dckt. No. 4 at 3.

[3] The parties need not file further status reports in contemplation of the continued status conference.