1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IRWIN DOUGLAS,
                                              No. CIV 09-1038 FCD EFB PS
11              Plaintiff,

12         vs.

13   SACRAMENTO COUNTY, et al.,
                                              ORDER
14              Defendants.
     _____/

15         This action is before the undersigned pursuant to Eastern District of California Local

16   Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On January 21, 2010, defendants filed an ex parte

17   application to modify the status (pretrial scheduling) order issued by the undersigned on

18   November 10, 2009.  Dckt. Nos. 25, 26.  Specifically, defendants seek to continue the initial

19   expert disclosure deadline from February 8, 2010 to March 15, 2010 and the rebuttal expert

20   disclosure deadline from March 8, 2010 to April 19, 2010.[1]  *Id.* at 1.  Defendants contend that an

21   extension is necessary because defendants do not have access to plaintiff's sealed arrest records,

22   which are at the heart of plaintiff's unlawful arrest claim, and until those records are unsealed,

23   defendants' expert cannot prepare an accurate and timely report.  *Id.* at 2.

24   _____

25         [1] Pursuant to the November 10, 2009 scheduling order, the discovery completion
     deadline is July 8, 2010, and any motions to compel discovery must be noticed for hearing no
26   later than June 9, 2010.  Dckt. No. 24.

                                              1

Defendants contend that they "are awaiting the currently scheduled February 4, 2010, hearing in Sacramento Superior Criminal Court regarding Defendants' Petition to Unseal Plaintiff's Douglas' Records," and "[a]ssuming arguendo the Superior Court hears the matter on that day and orders release of the arrest records at the hearing, Defendants 'Rule 26' expert and Plaintiff's expert witness, if any, will need time to analyze the records and prepare an accurate report for the purposes of the initial expert disclosure." *Id.* Defendants further state that "[t]he nexus of Plaintiff Douglas' Complaint . . . is that he was arrested without a warrant and is now seeking remedy as against the arresting agency and officers. Without access to the underlying criminal record and the warrant upon which he was apparently arrested on the date in question, Defendants' 'Rule 26' expert cannot properly assess this allegation and accurately prepare an expert report." *Id.* Defendants believe that there will be a warrant within the sealed records, and anticipate that their Rule 26 expert "will offer testimony in regard to the named officers' reliance upon the valid warrant." *Id.*

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, although defendants' ex parte application is not in strict compliance with the Local Rules,[2] the application is supported by good cause. Defendants have demonstrated that they cannot meet the expert disclosure deadlines despite exercising due diligence. It also appears that

---

[2] Local Rule 144, which permits extensions of time and for matters to be heard on shortened time, provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action."

there would be little, if any, prejudice to plaintiff as a result of the extensions, since those extensions do not impact the other deadlines set forth in the November 10, 2009 scheduling order.  Therefore, in light of the quickly approaching initial expert disclosure deadline, defendants' application will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' ex parte application to modify the November 10, 2009 scheduling order, Dckt. Nos. 25, 26, is granted.

2.  The parties shall make their initial expert disclosures on or before March 15, 2010, and shall make their rebuttal expert disclosures on or before April 19, 2010.  These modifications do not impact any of the other deadlines set forth in the November 10, 2009 scheduling order.

SO ORDERED.

DATED:  January 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE