1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IRWIN DOUGLAS,

11          Plaintiff,                    No. CIV 09-1038 KJM EFB PS

12      vs.

13   SACRAMENTO COUNTY, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS
     _____/

15

16       This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21). *See* 28 U.S.C. § 636(b)(1).  Presently pending for decision is defendants' motion for

18   an award of attorney's fees.  Dckt. No. 75.  For the reasons stated herein, it is recommended that

19   the motion be denied.

20   I.    BACKGROUND

21       Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2009

22   against Sacramento County, Sacramento County Sheriff's Department, Sacramento County

23   Sheriff's Deputy Robert Falk, and Sacramento County Sheriff's Deputy Robert Williams.

24   Compl., Dckt. No. 1.  His complaint states that on April 28, 2008, the defendants violated his

25   civil rights because "[he] was arrested (kidnapped) by Deputies Falk and Williams [w]ithout a

26   ////

1

1   warrant, and no evidence of any crime." *Id.* at 1.

2   　　　Defendants sought summary judgment, arguing that because the undisputed evidence

3   showed that plaintiff was taken into custody pursuant to a valid arrest warrant and defendants

4   were entitled to rely on the warrant in effecting the arrest, plaintiff could not establish any claims

5   for relief as a matter of law.  Dckt. No. 42 at 2.  Plaintiff opposed the motion, arguing that there

6   was never any warrant for his arrest and that the "warrant" defendants submitted as evidence in

7   support of their summary judgment motion was a "fabricated copy."  Dckt. No. 43 at 7.

8   　　　The motion for summary judgment was granted in its entirety on August 11, 2011 and

9   judgment was entered in defendants' favor.  Dckt. No. 72; *see also* Dckt. No. 61.  In granting

10  summary judgment, the court found the certified copy of the warrant that defendants submitted

11  in support of their motion, which was accompanied by a signed letter from a Deputy Clerk of the

12  Sacramento County Superior Court certifying that the annexed warrant "is a correct copy of the

13  original on file," was both self-authenticating and admissible in accordance with Federal Rules

14  of Evidence 901 and 902.  Dckt. No. 61 at 7-8.  The court also found that the undisputed facts

15  established that the warrant was in existence at the time that plaintiff was arrested.  *Id.* at 8.

16  Accordingly, the court found that defendants had sufficiently demonstrated that there were no

17  genuine issues of material fact regarding whether plaintiff's arrest was both reasonable and

18  supported by probable cause, and granted defendants' summary judgment on plaintiff's § 1983

19  claim for unlawful arrest. *Id.* at 9.  The court also found that to the extent plaintiff's complaint

20  purported to allege that his detention was a violation of his right to due process under the

21  Fourteenth Amendment or that his arrest violated his rights under the equal protection clause,

22  defendants were entitled to summary judgment.  *Id*. at 9, 10.

23  II.　　MOTION FOR ATTORNEY FEES

24  　　　Defendants now seek $52,871.00 in attorney fees pursuant to 42 U.S.C. § 1988.  Dckt.

25  No. 75.  Defendants contend that fees are warranted because plaintiff's claims were frivolous.

26  ////

1   Dckt. No. 75-1 at 3.  Specifically, defendants contend that there was a facially valid warrant for

2   plaintiff's arrest, which defeated his claims as a matter of law, and that plaintiff filed the action

3   despite his knowledge that he was wanted for burglary, and "unwaveringly maintained from the

4   commencement of this litigation that the warrant for which he was arrested did not exist and/or

5   was falsified or fabricated." *Id.* at 3-4.  Defendants argue that plaintiff maintained the action

6   even after defendants provided plaintiff with a certified copy of the warrant and an

7   authenticating letter from the clerk of court, even though plaintiff did not have any evidence to

8   support his claims.  *Id.* at 4.

9         Section 1988 of the Civil Rights Act permits the prevailing party in an action brought

10  under § 1983 to recoup reasonable attorney's fees.  But the prevailing party provision is not

11  nearly as automatic as it might seem.  Under § 1988 jurisprudence, a prevailing defendant is

12  treated differently from a prevailing plaintiff, and fees are not awarded routinely or simply

13  because defendant succeeds.  *See Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir.

14  1988).  Instead, a prevailing defendant must demonstrate "plaintiff's action was frivolous,

15  unreasonable or without foundation, even though not brought in subjective bad faith."

16  *Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n*, 434 U.S. 412, 421 (1978).  This

17  standard is "stringent," *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), and the Ninth Circuit repeatedly

18  has recognized that attorney's fees in civil rights cases "'should only be awarded to a defendant

19  in exceptional circumstances.'"  *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting

20  *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)); *see also Herb Hallman Chevrolet, Inc. v.*

21  *Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999); *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir.

22  1991).  The vigorous nature of the standard reflects Congress' policy of promoting fervent

23  prosecutions of civil rights violations.  *See Hughes,* 449 U.S. at 14–15.  Thus, attorney's fees to a

24  prevailing defendant in civil rights litigation should be awarded only in extraordinary

25  circumstances so as not to unduly chill civil rights litigation.

26  ////

1    In addition to considering the legitimacy of a plaintiff's claim in assessing whether to

2  award attorney's fees, the Ninth Circuit instructs courts to "consider the financial resources of

3  the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject

4  the plaintiff to financial ruin." *Miller*, 827 F.2d at 621; *see also Patton*, 857 F.2d at 1381

5  (applying the *Miller* standard to a case in which plaintiff was represented by counsel).

6  Importantly, courts sitting in the Ninth Circuit have held that the standard is applied with

7  particular vigor when the plaintiff proceeds pro se. *See*, *e.g., Miller*, 827 F.2d at 620; *Brandon v.*

8  *NWO Corp.*, 2008 WL 2437736 (D. Haw. June 17, 2008); *Page v. Jefferson Transit Authority*,

9  2009 WL 2884754 (W.D. Wash. Sept.8, 2009).  The heightened standard reflects the fact that

10  "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by

11  counsel to recognize the objective merit (or lack of merit) of a claim." *Miller*, 827 F.2d at 620.

12  The Ninth Circuit has provided three additional factors to consider in assessing whether

13  attorney's fees should be levied upon a non-prevailing pro se plaintiff pursuant to § 1988: (1)

14  whether the court was able to conclude that the action should be dismissed prior to trial; (2)

15  whether the plaintiff was able to recognize the merits of his claim; and (3) whether the plaintiff

16  acted in bad faith. *Miller*, 827 F.2d at 620.

17    Here, while the court granted defendants' motion for summary judgment in its entirety

18  prior to trial, the other *Miller* factors militate in favor of denying defendants attorney's fees.

19  Although the matter appears, superficially, to present a close call, the court cannot find that

20  plaintiff filed the complaint in bad faith or that he was aware of the defects in his claims.

21  Defendants provided plaintiff with a certified copy of the warrant and an authenticating letter

22  from the clerk of court.  To a represented party this should have been adequate to have disposed

23  of the question.  However, it appears that plaintiff, as a pro se litigant, did not understand the

24  evidentiary rules governing the admission of certified copies of documents.  Even though the

25  court ultimately found that the undisputed facts established that the warrant was in existence at

26  the time that plaintiff was arrested, plaintiff's misguided belief can be traced to his reliance on a

1  booking sheet stating what he took to be an official statement that there was not warrant.  In

2  pursuing his claims and arguing that there was never a warrant issued for his arrest, plaintiff

3  relied on an "Inmate Booking Information Receipt" that he received after he was booked into the

4  Sacramento County Jail on April 28, 2008, which stated, "OUTSTANDING WARRANTS:

5  NONE."  Dckt. No. 61 at 8.  Although the court found that "there was an active warrant for

6  plaintiff's arrest on the date that plaintiff was arrested but that the warrant was cleared, or

7  deemed inactive, after plaintiff was arrested pursuant to that warrant, thereby explaining why the

8  Inmate Booking Information Receipt noted that plaintiff had no outstanding warrants,"

9  admittedly, the Inmate Booking Information Receipt confusingly indicated to plaintiff that he

10  had no outstanding warrants on the same day that he was arrested.  *Id.*  Therefore, the court

11  cannot find that the complaint was filed in bad faith or that plaintiff was aware of the defects in

12  his claims, and based upon the record as a whole, the court cannot hold that plaintiff's action

13  against defendants was "unreasonable, frivolous, meritless, or vexatious." *Christiansburg*, 434

14  U.S. at 421.[1]

15  III.   CONCLUSION

16     Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for attorney's

17  fees, Dckt. No. 75, be denied.

18     These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23

24     [1] The count notes, however, that plaintiff has now been fully informed both as to the factual details and the law regarding the existence of the warrant at the time of his arrest, as well as the evidentiary rules regarding the admissibility of the certified copy of that warrant.  Thus,

25  the confusion as to the booking sheet has been addressed and clarified and there is no longer any reasonable basis for relying on it in future filings to support the representations that were made

26  by plaintiff in this action.  In that regard, plaintiff's attention is called to Fed. R. Civ. P. 11(b).

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  November 14, 2011.

4   _____
    EDMUND F. BRENNAN
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26